RED CEDAR LODGE, I.O.O.F. BUILDING ASSOCIATION, Respondent, v. TRUSTEES OF GRAND LODGE OF INDEPENDENT ORDER OF ODD FELLOWS, Appellant.

*May 8—June 2, 1959.*

For the appellant there was a brief by *Schmitz & Schmitz* of Manitowoc, and oral argument by *Woodrow A. Schmitz.*

For the respondent there was a brief and oral argument by *Clarence E. Smith* of Menomonie.

FAIRCHILD, J. Sec. 188.01, Stats. (formerly part of ch. 92, R. S. 1898), authorizes the members of any grand lodge or subordinate lodge of a number of fraternal societies, including the Order of Odd Fellows, to elect trustees. By virtue of sec. 188.02, such trustees are to be deemed a corporation. Thus the appellant is a corporation and the trustees of the subordinate Red Cedar Lodge No. 183 constitute a corporation of the same character, authorized by the same provision of the statutes.

The respondent Building Association, however, is a separate corporation, organized under ch. 86, R. S. 1898. It is clear that there is no provision of the articles of incorporation of the Building Association which requires it to obtain the consent of the Grand Lodge before sale of its real estate. No contract or declaration of trust has been made by the Building Association subjecting to the approval of the Grand Lodge its power to sell property. There is no claim that the sale is part of a plan to distribute the assets of the Building Association otherwise than as required by its articles, nor any facts shown which would warrant a court of equity in treating the Building Association as if it were the subordinate lodge and subject to the control of the Grand Lodge. A situation which has some similarities was before this court in *Trustees Onalaska Camp v. Onalaska M. W. H. Asso.* (1923), 179 Wis. 486, 192 N. W. 33. After analyzing the transaction involved in that case it was said that the court could discover no interest of the subordinate lodge there involved which authorized the subordinate lodge to interfere in any manner with any disposition which the separate building corporation saw fit to make of the property owned by the latter.

Appellant has called our attention to secs. 132.16 and 132.17, Stats. Sec. 132.16 provides for the registration of names, badges, and the like of fraternal societies and other organizations in the office of the secretary of state and prohibits the use of registered badges and the like unless authorized under the constitution of the organization registering them. This statute was created by ch. 129, Laws of 1933. Sec. 132.17 prohibits the wilful use of the name of the Odd Fellows and other orders unless the use of the name be authorized under the constitution of the order. The predecessor of this statute was first made applicable to the use of the name of the Order of Odd Fellows by ch. 666, Laws of 1919. We do not see what effect these statutes could have upon the case before us, particularly since it is clear that neither prohibition was in effect at the time that the Building Association was incorporated under its present name and its property acquired.

It is clear from the pleadings and evidentiary facts set forth in the affidavits filed that there is no issue of fact to be tried and that the circuit court properly awarded judgment in favor of the Building Association.

*By the Court.*—Judgment affirmed.

MARTIN, C. J., took no part.